J-S46041-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ERIC K. HARRISON, | : | |
| | : | |
| Appellant | : | No.  3005 EDA 2015 |

Appeal from the PCRA Order September 11, 2015,
in the Court of Common Pleas of Monroe County,
Criminal Division, at No(s): CP-45-CR-0001542-2011

BEFORE:    BENDER, P.J.E., OTT, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED AUGUST 10, 2016**

Eric K. Harrison (Appellant) appeals from the order which denied his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Upon review, we affirm.

A prior panel of this Court set forth in detail the background underlying this matter and, thus, we need not repeat it at length herein.  ***See Commonwealth v. Harrison***, 120 A.3d 393 (Pa. Super. 2015).  Briefly, Appellant was convicted following a jury trial of criminal conspiracy, possession of drug paraphernalia, and three counts of possession of a controlled substance based upon drugs and related contraband that were found during a search of a vehicle in which Appellant was a passenger.  He was sentenced to an aggregate term of three and one half to seven years of

*Retired Senior Judge assigned to the Superior Court.

imprisonment. Ultimately, this Court affirmed his judgment of sentence on February 26, 2015. ***Id.***

On April 9, 2015, Appellant *pro se* filed a PCRA petition.[1] Counsel was appointed and a hearing was scheduled on the petition.[2] The Commonwealth filed an answer in opposition to the petition, and, following the hearing, the PCRA court denied the petition. This appeal followed.

On appeal, Appellant raises the following issues for our consideration:

> I.   Whether the [PCRA] court erred by finding that trial counsel's failure to convey pre-trial plea offers to Appellant did not amount to ineffectiveness of counsel.
>
> II.  Whether trial counsel's failure to raise a spoliation of evidence argument at trial, failure to request a jury instruction on spoliation of evidence, and failure to raise the issue on appeal amounted to ineffective assistance of counsel.

Appellant's Brief at 4 (unnecessary capitalization omitted).

---

[1] Appellant initially *pro se* filed a PCRA petition on October 16, 2014, which the PCRA court dismissed without prejudice as having been prematurely filed, as Appellant's direct appeal was pending. ***See Commonwealth v. Kubis***, 808 A.2d 196, 198 n.4 (Pa. Super. 2002) ("The PCRA provides petitioners with a means of collateral review, but has no applicability until the judgment of sentence becomes final.").

[2] Appellant's counsel did not file an amended petition on Appellant's behalf, despite requesting and receiving an extension of time to do so. At the PCRA hearing, counsel indicated that upon review of the *pro se* filing, it was his position that all of the issues raised therein were "of arguable merit at least" and that there were "no additional issues in looking at [Appellant's] file that jumped out to [him]." N.T., 6/30/2015, at 4-5. Counsel confirmed that he and Appellant were satisfied that all issues were contained in the *pro se* petition and that they "would like to go forward at [that] time with those issues." ***Id.***

On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. The PCRA court's factual determinations are entitled to deference, but its legal determinations are subject to our plenary review.

*Commonwealth v. Nero*, 58 A.3d 802, 805 (Pa. Super. 2012) (internal citations and quotation marks omitted). "We review the PCRA court's findings of fact in the light most favorable to the Commonwealth as verdict winner to determine if they are supported by the record." *Commonwealth v. Freeland*, 106 A.3d 768, 777 (Pa. Super. 2014). Moreover, "[i]t is well-settled that a PCRA court's credibility determinations are binding upon an appellate court so long as they are supported by the record." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014).

Appellant's claims are based upon the alleged ineffective assistance of his counsel.

[A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the [i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. …

It is well-established that counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error.

- 3 -

> The PCRA court may deny an ineffectiveness claim if the petitioner's evidence fails to meet a single one of these prongs. Moreover, a PCRA petitioner bears the burden of demonstrating counsel's ineffectiveness.

*Commonwealth v. Franklin*, 990 A.2d 795, 797 (Pa. Super. 2010) (internal citations and quotation marks omitted).

In his first issue, Appellant argues that his trial counsel was ineffective because, as demonstrated by various letters and an email pertaining to plea negotiations leading up to trial, she never told him that the Commonwealth's offer to plead guilty to conspiracy was still "on the table past the suppression hearing" held in this case. Appellant's Brief at 8.

We address Appellant's argument mindful of the following. "Defendants have a Sixth Amendment right to counsel, a right that extends to the plea-bargaining process. During plea negotiations defendants are entitled to the effective assistance of competent counsel." *Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012) (citations and internal quotation marks omitted). "[A]s a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Missouri v. Frye*, 132 S. Ct. 1399, 1408 (2012).

In order to show that trial counsel was ineffective for failing to advise him of a plea offer, Appellant must establish that "(1) an offer for a plea was made; (2) trial counsel failed to inform him of such offer; (3) trial counsel had no reasonable basis for failing to inform him of the plea offer; and (4)

he was prejudiced thereby." **Commonwealth v. Chazin**, 873 A.2d 732, 735 (Pa. Super. 2005) (citation omitted).

> To show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel. Defendants must also demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it, if they had the authority to exercise that discretion under state law. To establish prejudice in this instance, it is necessary to show a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time.

**Frye**, 132 S. Ct. at 1409.

Herein, the PCRA court concluded that "[w]hile it is clear there were multiple plea offers made, having had the opportunity to view the witnesses, [trial counsel] testified credibly that she presented all plea offers to [Appellant] but because [Appellant] would not plead to a felony, [Appellant] rejected all offers." PCRA Court Opinion, 9/11/2015, at 5. The testimony offered by trial counsel at the PCRA hearing indicates that, at the least, she informed Appellant prior to the suppression hearing that an offer to plead to conspiracy to commit PWID was tendered and that after the hearing an offer to plead to PWID was available. **See generally** N.T., 6/30/2015, at 7-27, 35-36, 38-40; **see also** Defendant's Exhibit 2. Counsel testified that Appellant was only willing to plead to the paraphernalia charge, "never wanted to plead throughout all of [their] discussions," was "adamant that he

- 5 -

wanted a trial," and did not want to plead to a felony because he was on state parole at the time the incident occurred. *Id.* at 8, 11, 16-18, 20, 35-36, 40. Assuming *arguendo* that counsel did not advise Appellant that the offer to plead to conspiracy was still available after the suppression hearing, in light of this testimony, which the trial court credited and which we view in the light most favorable to the Commonwealth, Appellant has failed to demonstrate a reasonable probability he would have accepted the offer to plead to conspiracy even if it were still available and conveyed to him after the suppression hearing.[3] Thus, his ineffectiveness claim fails.

Appellant's second issue centers on the spoliation of two pieces of evidence that Appellant contends should have been argued at trial, included in jury instructions, and raised on appeal: (1) a mobile video recording of the incident in question, which "was destroyed solely through the negligence of the State Police/Commonwealth," and (2) a canister containing drugs found in the vehicle, from which the police were unable to obtain fingerprints because the police mishandled the evidence. Appellant's Brief at 9-11.

Upon review, we again conclude that Appellant has failed to demonstrate prejudice.

> To satisfy the prejudice prong, it must be demonstrated that, absent counsel's conduct, there is a reasonable probability that the outcome of the proceedings would have been different. If it has not been demonstrated that counsel's act or omission

---

[3] In reaching this conclusion, we further note that Appellant includes no argument whatsoever in his brief as to the prejudice prong of the ineffectiveness test, let alone the specific requirement discussed above.

adversely affected the outcome of the proceedings, the claim may be dismissed on that basis alone, and the court need not first decide whether the first and second prongs have been met.

***Commonwealth v. Perez***, 103 A.3d 344, 348 (Pa. Super. 2014) (citation omitted).

In an effort to establish prejudice, Appellant argues that had counsel requested a spoliation charge with respect to the evidence above, "the court would have directed the jury that they could infer from the destruction of the evidence that the evidence would have been favorable to Appellant," which "would have been powerful information to provide to the jury." Appellant's Brief at 11. Appellant also argues that "it should be clear that counsel's omission worked to prejudice Appellant's interest, i.e., had an adverse effect upon the outcome of the proceedings." ***Id.*** With respect to the lack of fingerprint analysis in particular, Appellant further argues that

> [g]iven the fact that trial counsel's stated defense was that Appellant [did not] know about the existence of the drugs, surely the Commonwealth's destruction of evidence which would have tended to shed light on whether Appellant had ever handled the very canister which housed the drugs in question would have been powerful evidence tending to establish his innocence. ...
>
> Appellant's fingerprints, or lack thereof, on the very item in the car which housed the contraband is crucial to the issue of whether he had knowledge of the existence of the contraband.

Appellant's Brief at 10-11.

Appellant's bald claims amount to nothing more than mere speculation as to the prejudice Appellant allegedly suffered and, thus, are insufficient to meet his burden under the ineffectiveness test. ***See Commonwealth v.***

- 7 -

*Charleston*, 94 A.3d 1012, 1026 (Pa. Super. 2014) ("Unsupported speculation does not establish reasonable probability."); *Commonwealth v. Pursell*, 724 A.2d 293, 311 (Pa. 1999) ("Claims of ineffective assistance of counsel that are based on speculation and conjecture do not adequately establish the degree of prejudice necessary."). Moreover, with respect to Appellant's argument about the lack of fingerprint analysis in particular, we fail to see how he was prejudiced given that (1) the case against Appellant was one of constructive possession[4] and (2) the evidence is not exculpatory *per se*. *See Commonwealth v. Wright*, 388 A.2d 1084, 1086 (Pa. Super. 1978) ("[T]he absence of appellant's fingerprints is not exculpatory *per se* and might be explained [by] any one of many reasons consistent with his guilt."). For these reasons, his claim fails.

Appellant has failed to establish that his issues entitle him to relief. Accordingly, we affirm the order of the PCRA court.

Order affirmed.

---

[4] Where "[a]ctual possession is proven by showing ... [that the] controlled substance [was] found on the [defendant's] person," constructive possession is proven by demonstrating a defendant's "ability to exercise a conscious dominion over the illegal substance: the power to control the contraband and the intent to exercise that control. … It is a judicially created doctrine ... [that] enables law enforcement officials to prosecute individuals in situations where the inference of possession is strong, yet actual possession at the time of arrest cannot be shown." *Commonwealth v. Vargas*, 108 A.3d 858, 868 (Pa. Super. 2014) (citations and internal quotation marks omitted).

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary


Date: 8/10/2016